**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SABAL TRAIL TRANSMISSION, LLC,**

      **Plaintiff,**

v.                                                    Case No:  6:16-cv-469-CEM-KRS

**0.22 ACRES OF LAND IN OSCEOLA COUNTY FLORIDA, INDIAN CREEK OSCEOLA COUNTY HOMEOWNERS ASSOCIATION, INC. and UNKNOWN OWNERS, IF ANY,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR FINAL SUMMARY DEFAULT JUDGMENT (Doc. No. 33)**
>
> **FILED:**     December 9, 2016

**I.  BACKGROUND.**

On February 2, 2016, the Federal Energy Regulatory Commission ("FERC") issued an order which, among other things, granted to Plaintiff Sabal Trail Transmission, LLC ("Plaintiff"), a Certificate of Public Convenience and Necessity ("FERC Certificate"), authorizing Plaintiff to construct and operate facilities for transporting natural gas in interstate commerce—the Sabal Trail Project.  Doc. No. 1; Doc. No. 1-4.

Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717–717z, and based on the FERC Certificate,

Plaintiff filed several land condemnation actions throughout the U.S. District Court for the Middle District of Florida to acquire the easements necessary to complete the Project. The defendants in this action include certain property located in Osceola County, Florida, and Indian Creek Osceola County Homeowners Association, Inc., a dissolved Florida not-for-profit corporation.

Attached to its Complaint, Plaintiff filed a: (1) description of the parcel of land at issue in this action (Doc. No. 1-1); (2) proposed "Grant of Easement" with easement drawings (Doc. No. 1-2); (3) copy of the FERC Certificate (Doc. No. 1-4); and (4) copy of the Notice of Condemnation (Doc. No. 1-5).

One of the named Defendants in the case is Indian Creek Osceola County Homeowners Association, Inc. ("Indian Creek"). In accordance with Rule 71.1(d)(3)(A) of the Federal Rules of Civil Procedure, Plaintiff personally served the complaint and notice on Derek Woosey, the president of Indian Creek, and on Pam Lennox, the wife of Jeff Lennox, the registered agent for Indian Creek, at the usual abode of Pam and Jeff Lennox. *See* Doc. No. 31. Because Indian Creek failed to enter an appearance in this action, the clerk entered a default against Indian Creek. Doc. No. 32.

On June 7, 2016, the Court entered an Order granting Plaintiff's Motion for Partial Summary Judgment, finding that Plaintiff has the right to condemn the easement at issue, identified as HT125-FLOS-014.000. Doc. No. 20. The Court also granted Plaintiff's Motion for Preliminary Injunction and Immediate Possession. *Id.*

Plaintiff has now filed the instant Motion for Final Summary Default Judgment, in which it states that the value of the proposed taking is $300.00. Doc. No. 33, at 4. This valuation is supported by the declaration of Richard H. Parham, a State-Certified General Real Estate Appraiser. Doc. No. 33-1. Mr. Parham has been an appraiser for twenty-seven years. *Id.* ¶ 3. On August

12, 2016, Mr. Parham prepared an appraisal of the value of Parcel HT125-FLOS-014.000, and determined just compensation for the easements to be $300.00. *Id.* at ¶¶ 6-8. There is nothing in the record contradicting Mr. Parham's opinion of value.

## II.   DISCUSSION.

The Federal Rules of Civil Procedure provide that in eminent domain proceedings "the failure to serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation." Fed. R. Civ. P. 71.1(d)(2)(A)(vi). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following entry of a clerk's default, the court may enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Pursuant to the Natural Gas Act, Plaintiff has the authority to condemn the easements it seeks:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located. . . .

15 U.S.C. § 717f(h). Numerous courts have held that the Act authorizes a party to exercise the federal power of eminent domain to acquire property necessary for an interstate natural gas pipeline project when: (1) the plaintiff is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that the property is necessary for the project, and (3) the plaintiff is unable to acquire the property by contract. *E.g.*, *Columbia Gas Transmission, LLC, v. 1.01 Acres, More or Less, in Penn Twp., York Cty., Pa.*, 768 F.3d 300, 304 (3d Cir. 2014); *Columbia Gas Transmission, LLC, v.*

*0.85 Acres*, No. WDQ-14-2288, 2014 WL 4471541, at *3 (D. Md. Sept. 8, 2014); *Fla. Se. Connection, LLC v. 6.585 Acres of Land*, No. 8:16-cv-657-T-33TGW, 2016 WL 2745225, at *2 (M.D. Fla. May 11, 2016); *Transcon. Gas Pipe Line Co., LLC, v. Permanent Easement Totaling 2.322 Acres*, No. 3:14-cv-00400-HEH, 2014 WL 4365476, at *4 (E.D. Va. Sept. 2, 2014).

On this basis, Plaintiff previously moved for partial summary judgment (Doc. 2) to confirm its right to condemn the easement, and this Court granted that motion. Doc. No. 20. The only issue remaining to be decided by the instant motion is the amount of compensation to be paid for the taking. In the absence of an appearance by the Defendant or any conflicting evidence of valuation, the Court accepts the appraisal evidence presented by Plaintiff, establishing that $300.00 is just compensation for Parcel HT125-FLOS-014.000.

### III.    RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** Plaintiff's Motion for Final Summary Default Judgment (Doc. No. 33);
2. Find that Plaintiff has properly exercised its power of eminent domain;
3. Find that $300.00 is just compensation for Parcel HT125-FLOS-014.000;
4. Order that upon payment of $300.00 by Plaintiff into the registry of the Court, ownership and property rights related to Parcel HT125-FLOS-014.000 as defined in the Notice of Condemnation (Doc. No. 1-5) shall become vested in Plaintiff; and,

5. Order that upon payment of $300.00 into registry of the Court, Plaintiff and Liberty Mutual Insurance Company shall be released from the bond previously posted (Doc. No. 23).

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 4, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy